SAMUEL G. STONE, ANNA STONE and JOHN R. JACKSON,
appellants,

v.

HARRY NEWELL and CHARLES S. RIDGEWAY, partners,
respondents.

When a party comes into the court of chancery to obtain satisfaction of a judgment, he must present himself under some head of equity jurisdiction; he must show that the debtor has made some fraudulent disposition of his property or that the case stands affected with some trust collusion or injustice against which it is the province of the court to give relief.

On appeal from a decree advised by Vice-Chancellor Bird in *Newell* v. *Stone*.   (Not reported.)

Mr. *Albert De Unger*, for the appellants.

Mr. *Alfred Hugg*, for the respondents.

The opinion of the court was delivered by

LUDLOW, J.

The bill in this cause was filed by Newell & Ridgeway, as judgment creditors of Samuel G. Stone, to annul a deed of land in Camden county, New Jersey, referred to in bill made by said debtor Stone, January 15th, 1894, and prior to said judgment, to John R. Jackson, alleging that said conveyance was made to hinder, delay and defraud the creditors of said Stone.

The case was heard on bill, answer and proofs before Vice-Chancellor Bird, who held the deed to be void as to the complainants and other judgment creditors of Stone, on the said grounds as stated in the bill, and advised decree accordingly.

The facts, as shown in the case before this court and which have been carefully considered, do not, in our judgment, sustain or warrant the conclusion of the learned vice-chancellor who heard and decided the cause.

In our opinion, the sale and conveyance of the premises referred to in the bill made by Stone and wife to Jackson, were fair and in good faith.   The consideration which was paid to Stone therefor by Jackson ($10,000) was the full and fair value of the property.   There is nothing in the case which satisfactorily indicates that the defendant Stone made said sale or deed with any fraudulent intent or purpose as charged in the bill; and there is no evidence, and nothing from which any reasonable inference can be drawn, that if any such fraudulent intent or purpose did exist in the mind of Stone, in the said transaction, that the defendant Jackson had, or could be chargeable with, any knowledge of or participation in any such intent or purpose.

The decree of the court of chancery should be reversed.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, GUMMERE, LIPPINCOTT, LUDLOW, MAGIE, VAN SYCKEL, BOGERT, BROWN, SIMS, SMITH, TALMAN—12.

*For affirmance*—None.